UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PERRY,<br><br>    Petitioner,<br><br>    v.<br><br>RAYMOND MADDEN,<br><br>    Respondent. | Case No. 20-08598 EJD (PR)<br><br>**ORDER TO SHOW CAUSE; DENYING MOTION FOR LEAVE TO PROCEED** ***IN FORMA PAUPERIS*** **AS MOOT**<br><br>(Docket No. 2) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction out of Alameda County Superior Court.¹ Dkt. No. 1. Petitioner has paid the filing fee. Dkt. No. 5.

## BACKGROUND

Petitioner was found guilty by a jury in Alameda County Superior Court of three counts of murder and four counts of attempted murder, based on a shooting incident that occurred on October 2, 2011. Dkt. No. 1 at 10-11. The jury also found true several enhancement allegations. *Id.* Petitioner was sentenced to life without parole on April 17,

---

¹ This matter was reassigned to this Court on January 7, 2021, after Petitioner did not file consent to magistrate judge jurisdiction in the time provided. Dkts. No. 3, 7.

2014. *Id.* at 12.

Petitioner appealed his conviction. The California Court of Appeal affirmed in 2015, and the California Supreme Court denied review in 2019. *Id.* at 3. Petitioner did not pursue collateral review. *Id.* at 3-4.

On December 4, 2020, Petitioner filed the instant federal habeas action. Dkt. No. 1.

## DISCUSSION

**A.   Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

**B.   Legal Claims**

Petitioner raises the following claims for habeas relief: (1) he was "erroneously convicted of first-degree murder based on legally untenable natural and probable consequences instructions"; (2) the trial court erred in failing to instruct on lesser-included offenses for the murder charges; (3) the trial court erred in failing to instruct on lesser-included charges for the attempted murder charges; and (4) his conviction must be reversed "because of the erroneous application of the 'kill zone' theory to this case." Dkt. No. 1 a at 8, 68, 77. Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.   Petitioner has paid the filing fee. Dkt. No. 5. Accordingly, his motion for

leave to proceed in forma pauperis is DENIED as moot. Dkt. No. 2.

2. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Docket No. 2.

**IT IS SO ORDERED**.

Dated: April 6, 2021

EDWARD J. DAVILA
United States District Judge

Order to Show Cause; Denying IFP as moot
P:\PRO-SE\EJD\HC.20\08598Perry_osc